(January 13, 2005)

■ AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v LINCOLN HINDS et al., Defendants, and PASQUALE C. VISCUSO et al., Respondents. [788 NYS2d 346]—

Order, Supreme Court, New York County (Louis B. York, J.), entered on or about July 14, 2003, which denied plaintiff's motion for summary judgment in its action for declaratory judgment and for a default judgment against certain defendants and dismissed the complaint, unanimously reversed, on the law, without costs, the complaint reinstated and summary judgment granted to plaintiff against all of the named defendants declaring that plaintiff has no obligation under the subject policy in connection with the November 9, 2000 accident.

Plaintiff American Transit Insurance Company (American

Transit) issued a policy of automobile liability insurance to defendant Lincoln Hinds for the period March 1, 2000 to March 1, 2001. Hinds owned a passenger for hire vehicle, and he failed to pay his premiums for June, July or August 2000. On August 24, 2000, an underwriter for American Transit sent Hinds a notice of cancellation, stating that the liability policy would terminate on October 12, 2000 unless payment of the overdue premiums was made within 15 days of the mailing of the notice. No premiums were received. On August 25, 2000, American Transit filed notice of termination of plaintiff's policy, effective October 12, 2000, with the New York State Department of Motor Vehicles.

On November 9, 2000, Hinds's vehicle, driven by defendant Clifton Brown, was in an accident with three other vehicles. The first of those three vehicles was driven by defendant Pasquale Viscuso and insured by defendant Progressive Northeastern Insurance Company (Northeastern). The second was driven by defendant Mark Kostakis and owned by defendant Angie Kostakis and/or defendant Old Country Dodge, Inc. The third was driven by defendant Karen Morris.

Hinds was a named defendant in two lawsuits stemming from the November 9, 2000 accident. The first was a lawsuit brought by defendant Morris alleging serious personal injuries. The second was an action by defendant Northeastern, as subrogee of defendant Pasquale Viscuso, alleging property damage. Plaintiff mistakenly filed answers on behalf of defendants Hinds and Brown in both actions.

Thereafter, on or about October 28, 2002, plaintiff brought this action for a declaratory judgment that it did not provide any insurance coverage to Hinds and Brown in connection with the November 9, 2000 accident. On April 8, 2003, plaintiff moved for summary judgment, and for a default judgment against defendants Hinds, Brown and Old Country Dodge on the grounds that they failed to appear, plead or proceed in this action.

The IAS court applied Vehicle and Traffic Law § 313 and denied plaintiff's motion for declaratory judgment on the ground that plaintiff had not effectively canceled Hinds's insurance policy. The court stated: "It appears that Vehicle & Traffic Law and 313 (2) (a) was not complied with in that the Notice of Termination was filed prior to the termination date. Therefore, in searching the record, the court finds that the policy remains in effect and this action is dismissed." In general, Vehicle and Traffic Law § 313 governs what notice is required for termination of a motor vehicle insurance policy. That section mandates

that an insurer notify the insured by mail at least 20 days prior to the effective date of cancellation of the policy, presumably to allow the insured to fight the cancellation or to procure alternative insurance, and obligates the insurer to notify the Commissioner of the Department of Motor Vehicles no later than 30 days after the effective date of such cancellation.

However, Vehicle and Traffic Law § 313 does not apply to this case, because the subject policy covered a vehicle for hire. Vehicle and Traffic Law § 321 exempts policies covering such vehicles from the notification provisions under Vehicle and Traffic Law § 313. The cancellation of an insurance policy for a vehicle for hire is governed by Vehicle and Traffic Law § 370. That section requires the insurer to file a certificate of cancellation with the Commissioner of Motor Vehicles. The Department of Motor Vehicles then provides notification to the owner. It is uncontested that plaintiff complied with section 370 by sending the Commissioner of Motor Vehicles notice that it intended to cancel defendant Hinds's insurance policy effective October 12, 2000. As the policy was effectively canceled when the subject accident took place, plaintiff is not liable for any actions brought as a result thereof.

The holdings in *Matter of Wilson v Motor Veh. Acc. Indem. Corp.* (242 AD2d 636 [1997]) and *Travelers Prop. Cas. Corp. v Eagle Ins. Co.* (273 AD2d 65 [2000]) are not to the contrary. In both of these cases, termination notices under section 370 were deemed ineffective because of confusion caused by the insurers' subsequent actions. Here, by contrast plaintiff's actions caused no confusion, and the fact that plaintiff sent Hinds the August 24, 2000 letter notifying him that the insurer intended to cancel the policy effective October 12, 2000 does not render the termination notice filed with the Commissioner of Motor Vehicles ineffective. Concur—Buckley, P.J., Mazzarelli, Andrias, Williams and Sweeny, JJ.