Acupuncture Now, P.C., as Assignee of Rhymer, Corea, Appellant, 
against
Hereford Insurance Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Offices of Rubin & Nazarian (Melissa Brooks, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered January 7, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that the insurance policy covering the vehicle allegedly involved in a June 10, 2011 motor vehicle accident had been cancelled prior to the accident. Plaintiff appeals from an order of the Civil Court which granted defendant's motion.
The Civil Court held that defendant had demonstrated, as a matter of law, that the vehicle involved in the accident was a "for hire" vehicle and that, prior to the accident, the policy insuring the vehicle had been properly and validly cancelled in compliance with Vehicle and Traffic Law § 370 and 15 NYCRR § 34.11 (e). While the cancellation of the policy is governed by Vehicle and Traffic Law § 370, which requires the insurer to file a certificate of cancellation with the Commissioner of Motor Vehicles, the record reflects that defendant also sent its own cancellation notice in addition to complying with the statute. Plaintiff's sole contention on appeal is that the sending of this additional notice "rendered the purported cancellation ineffective" (Travelers Prop. Cas. Corp. v Eagle Ins. Co., 273 AD2d 65, 66 [2000]). However, contrary to plaintiff's argument, the May 10, 2011 notice at issue, which defendant sent informing the [*2]policyholder that it intended to cancel the policy effective June 6, 2011, did not render the cancellation of the policy ineffective (see American Tr. Ins. Co. v Hinds, 14 AD3d 378 [2005]).
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 09, 2018